

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

RASHAUD KAREEM OSBORNE,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

Criminal No.: 4:07cr139
Civil No.: 4:10cv77
Civil No.: 4:09cv70

## OPINION AND ORDER

This matter is before the Court on Petitioner Rashaud Kareem Osborne's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion alleges that his counsel was ineffective for failing to challenge the grand jury's authority to issue the Indictment and for allowing Petitioner to be sentenced to a term of imprisonment not authorized by law. The Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to the relief sought in his § 2255 motion. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons discussed below, Petitioner's § 2255 motion is **DENIED**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2007, pursuant to a written plea agreement, Petitioner pled guilty to two counts of an Indictment: Count One

- Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base and Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); and Count Two - Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The statutory punishment for Count One was imprisonment for not less than ten (10) years, nor more than life. The statutory punishment for Count Two was imprisonment for not more than twenty (20) years.

On April 3, 2008, Petitioner appeared before the Court, with counsel, for sentencing. At that hearing, United States District Judge Walter D. Kelley, Jr. sustained defense counsel's objection to the drug weight calculation under the United States Sentencing Guidelines ("Guidelines") and ordered that Petitioner's "offense level" be reduced by two levels. The resulting Guideline range was 188-235 months imprisonment. Petitioner was sentenced to 235 months imprisonment on both Counts One and Two, to be served concurrently. Petitioner did not appeal his conviction or sentence.

Petitioner initially filed his § 2255 motion in June of 2009. Such motion was denied by this Court as untimely. However, on appeal, the United States Court of Appeals for the Fourth Circuit reversed such dismissal and remanded this matter for consideration of the merits because Petitioner's criminal judgment was improperly filed on the criminal docket sheet at

the time of sentencing. Because such error was not corrected until May 25, 2011, the Fourth Circuit held that Petitioner's § 2255 motion was timely. Accordingly, this Court ordered the government to file a brief in response to Petitioner's § 2255 motion, and Petitioner subsequently filed a reply brief in support of his motion. This matter is therefore ripe for review.

## II.  STANDARD OF REVIEW FOR § 2255 MOTION

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. See In re Jones, 226 F.3d 328, 333 (4th Cir.

3

2000) (quoting Davis v. United States, 417 U.S. 333, 343 (1974))
("'§ 2255 was intended to afford federal prisoners a remedy
identical in scope to federal habeas corpus[.]'"). The
existence of the right to pursue a collateral attack does not
displace a direct appeal as the ordinary method for challenging
a conviction or sentencing determination. United States v.
Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the
contrary, with limited exceptions, a petitioner advancing new
claims asserted for the first time in a § 2255 motion "must
clear a significantly higher hurdle than would exist on direct
appeal." United States v. Frady, 456 U.S. 152, 165 (1981).
Accordingly, a § 2255 collateral challenge "may not do service
for an appeal." Id. at 166.

The "higher hurdle" that applies to claims advanced for the
first time in a § 2255 action exists because, once a defendant's
opportunity to pursue a direct appeal has been waived or
exhausted, there is "a final judgment [that] commands respect."
Id. at 164-65. Accordingly, the doctrine of procedural default
generally prevents a district court from reaching the merits of
§ 2255 claims that were not raised on direct appeal unless a
petitioner can show: (1) "cause" excusing the failure to
directly appeal such alleged errors; and (2) "actual prejudice
resulting from the errors of which [s]he complains[.]" United
States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1992).

4

"'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim, or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather he must show that the claimed error "worked to his actual and substantial disadvantage" and was an "error of constitutional dimensions." Frady, 456 U.S. at 170.

A petitioner need not overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992)) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'"). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (quoting Massaro v. United States, 538 U.S. 500, 504-06 (2003)) ("'[I]n most

5

cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance' because the trial record is 'often incomplete or inadequate for [addressing such claims on direct review,]' thereby risking the failure of '[e]ven meritorious claims.'") (alterations in original). Although the <u>Frady</u> "cause" and "prejudice" test is inapplicable to freestanding ineffective assistance claims, a petitioner still bears a substantial burden to successfully establish ineffective assistance of counsel.

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The United States Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the <u>effective assistance</u> of counsel.'" <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970)) (emphasis added). In order to demonstrate that defense counsel failed to provide effective assistance a petitioner must establish both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. <u>Id.</u> at 687-88. "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's

burden as to the two prongs of the Strickland test. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

When evaluating counsel's performance under the first prong of Strickland, courts "must be highly deferential." Id. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

7

The second prong of <u>Strickland</u> requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. The Court applies a slightly modified prejudice standard when a petitioner alleges ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). If the Petitioner fails to prove either of the two prongs of the <u>Strickland</u> test, the Court need not evaluate the other prong of the test. <u>United States v. Roane</u>, 378 F.3d 382, 404 (4th Cir. 2004).

### III. DISCUSSION

Petitioner's § 2255 motion advances three claims, all of which allege that defense counsel provided ineffective assistance during plea and sentencing proceedings.[1] For the reasons discussed below, Petitioner's claims fail on the merits.

---

[1] In addition to the claims discussed above, Petitioner states in an introductory paragraph to his § 2255 motion that the Magistrate Judge assigned to this case committed "structural error." ECF No. 43, at 3. However, Petitioner fails to explain such claimed error in his motion, memorandum, or reply brief. Accordingly, such claim is both <u>dismissed</u>

## A. Grand Jury's Authority

Petitioner first claims that defense counsel provided ineffective assistance by failing to challenge the authority of the grand jury. Although Petitioner's argument on such point is not entirely clear, Petitioner appears to contend that the grand jury that indicted him in 2007 lacked authority to issue the Indictment because Petitioner's co-conspirators were previously indicted in a separate criminal action that was closed in 2006. Petitioner cites to the Federal Rules of Criminal Procedure (Rule 6), the federal statutes governing special grand juries (18 U.S.C. §§ 3331-3334)[2] and case law (In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991, 33 F.3d 342 (4th Cir. 1994)), apparently in an effort to demonstrate that the term of the grand jury that indicted his co-conspirators should have expired prior to Petitioner being indicted.

A review of the legal sources cited by Petitioner, as well the arguments in Petitioner's briefs, plainly reveals that Petitioner has not met the threshold for establishing ineffective assistance of counsel. First, Petitioner does not demonstrate that he was indicted by the same, but "expired,"

---

as procedurally defaulted and denied on the merits as Petitioner fails to even explain the alleged error, let alone demonstrate that it was of sufficient magnitude to warrant collateral relief.

[2] Petitioner's brief appears to contain a typographical error, referencing 18 U.S.C. § 1331 rather than § 3331.

grand jury that previously indicted his co-conspirators.    In

fact, not only does Petitioner concede in his § 2255 brief that

he might have been indicted by a different grand jury, but the

government represents that such was the case.[3]    Second,

Petitioner fails to demonstrate that it is generally

inappropriate for the government, after the expiration of one

grand jury's term, to empanel a second grand jury to indict new

individuals associated with an ongoing drug trafficking

investigation.    See In re Grand Jury Proceedings, Sept. Term,

1991, 33 F.3d at 347 (suggesting that that the government may

continue a criminal investigation across grand juries if the

ongoing investigation "concern[s] individuals other than those

already indicted").    Petitioner does not cite any facts, nor any

precedent, demonstrating that his Indictment was improper in any

way.    Consequently, Petitioner fails to demonstrate that his

lawyer made any errors, let alone "errors so serious that

counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment."    Strickland, 466 U.S. at 687.[4]

---

[3] Petitioner does not challenge the accuracy of the government's
representation on such point in his reply brief.

[4] As noted in the government's responsive brief, an extremely high bar
exists for challenging an indictment after a finding of guilt has been
entered.    "A defective indictment will not deprive a district court of
jurisdiction in a criminal case and [a defendant's] valid guilty plea
waive[s] all prior non-jurisdictional defects."    United States v.
Little, 455 Fed. Appx. 362 (4th Cir. 2011) (unpublished) (internal
citations omitted).    Although a defendant may challenge the adequacy
of his plea or the "government's power to bring any indictment at all"

Petitioner likewise fails to demonstrate any resulting prejudice. Accordingly, Petitioner's first claim is denied.

### B. Improper Sentence/Double Counting on Count Two

Petitioner argues that defense counsel was ineffective for failing to object to the sentence of 235 months imposed by the sentencing Court on Count Two. Petitioner strenuously contends that such sentence was improper because the drug weights for Count Two, a substantive drug trafficking count, when considered alone are only sufficient to warrant a Guideline range of 27-33 months. Petitioner's claim of error, however, fails on its face as it results from a fundamental misunderstanding of the Guidelines.

Considering first the applicable statutory punishment, Petitioner acknowledges that he entered a plea of guilty as to Count Two, and he does not dispute the fact that such count carried with it a statutory maximum penalty of 20 years (240 months). Petitioner's 235 month sentence on Count Two was not in excess of that maximum. Petitioner's sentence was therefore lawful, and defense counsel had no reason to challenge the Court's authority to impose such sentence.

---

even after he enters a plea of guilty, United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010), here, Petitioner's filing falls far short of what is necessary to demonstrate either that his plea was involuntary or that the government lacked authority to bring an indictment.

Considering next Petitioner's Guideline calculation, Petitioner does not challenge his lawyer's representation regarding the drug weights attributed with respect to Count One. Rather, Petitioner argues that the punishment for Count Two should have only considered the drug amount expressly charged in the Indictment as to such Count. Petitioner is mistaken in such claim, however, because the Guidelines are designed to group related offenses "[i]n order to limit the significance of the formal charging decision and to prevent multiple punishment[s] for substantially identical offense conduct . . . ." U.S.S.G. § 3D Introductory Commentary. Such grouping works to a defendant's _advantage_ as it prevents him from receiving Guideline enhancements for separate drug trafficking counts that would extend his _total term_ of incarceration.

Pursuant to U.S.S.G. § 3D1.2(d), it is plain that drug trafficking counts must be "grouped" together as the offense level is determined "largely on the basis of the total amount of harm or loss . . . ." _Id._ After grouping under such rule, "the offense level _applicable to a Group_ is the offense level corresponding to the aggregated quantity" of drugs. U.S.S.G. § 3D1.3(b). When making a sentencing determination as to multiple drug trafficking counts of conviction, the consolidated "Group" Guideline Range--here 188-235 months--is applied to each count of conviction.

12

As set forth in U.S.S.G. § 5G1.2, the Court then makes determinations as to whether the sentences for each separate count of conviction should be imposed concurrently or consecutively. Here, in line with § 5G1.2(c) and the associated Guideline commentary, the sentencing Court properly imposed concurrent sentences of 235 months on each drug trafficking Count. See 5G1.2(c) (indicating that if the sentence imposed on the count with the highest statutory maximum is adequate to achieve the total punishment recommended by the Guidelines, the remaining sentences should be run concurrently); U.S.S.G. § 5G1.2 App. n.1 (indicating that if one of the counts has a statutory maximum sufficient to achieve the total punishment recommended by the Guidelines "[t]he sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum" for each count). Because the sentencing Court properly applied the grouping rules and appropriately imposed a concurrent sentence of 235 months on Count Two, defense counsel had no reason to object or otherwise challenge the Court's imposition of a "Guideline sentence." See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance of counsel.").

The error in Petitioner's analysis regarding "grouping" under the Guidelines is also evident based on the manner in

13

which "relevant conduct" is calculated under the Guidelines. Even if Petitioner only pled guilty to Count Two, his Guideline Range for such count would not have been 27-33 months as Petitioner argues. Rather, the Guidelines provide that the Court must consider <u>all</u> of a defendant's related criminal conduct, including all relevant drug trafficking transactions. U.S.S.G. § 1B1.3(a)(2); <u>United States v. Young</u>, 609 F.3d 348, 357-58 (4th Cir. 2010). Such rule applies regardless of the drug weights actually charged in the Indictment. <u>Young</u>, 609 F.3d at 358. As explained by the United States Court of Appeals for the Fourth Circuit:

> The government at sentencing properly sought to establish as relevant conduct the total quantity of drugs attributable to [the defendant]. "Relevant conduct" under the Guidelines, of course, <u>often includes a broader range of conduct than the conduct underlying the offense of conviction</u>. <u>See</u>, <u>e.g.</u>, <u>United States v. Newsome</u>, 322 F.3d 328, 339 (4th Cir. 2003). <u>This is particularly so in drug cases</u>, where relevant conduct is defined to include "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

<u>Id.</u> at 357-58. Accordingly, Petitioner fails to demonstrate any error in the manner in which his Guideline range or sentence were calculated. Petitioner therefore fails to demonstrate that his trial counsel was constitutionally deficient,[5] and fails to

---

[5] It should also be noted that Count One included a maximum sentence of "life" imprisonment and that, at sentencing, Petitioner's counsel successfully challenged the drug weights attributed to Petitioner in

14

demonstrate that he suffered resulting prejudice.  Accordingly, Petitioner's second claim is denied.

### C.  Improper Drug Weights at Sentencing

Petitioner's third claim for relief appears to overlap his second claim, again challenging his counsel's performance at sentencing.  Petitioner's third claim appears to either argue that his attorney was ineffective for failing to challenge the attribution of any drugs in excess of the amount set forth in the Indictment (a grouping argument) or that the drugs attributed to Petitioner at sentencing were not "reasonably foreseeable" to him (a relevant conduct argument).  See United States v. Bell, 667 F.3d 431, 442 (4th Cir. 2011) (explaining that drug quantities possessed by other members of the conspiracy "may be considered 'relevant conduct' attributable to [a] defendant" only if such drug weights are "reasonably foreseeable" to the defendant and are "within the scope of the criminal activity undertaken" by such defendant).  To the extent that Petitioner contends that the Court was limited at sentencing to attributing Petitioner with the 4.5 ounce cocaine transaction charged in Count Two, such grouping argument fails for the same reasons discussed above.  U.S.S.G. §§ 1B1.3 & 5G1.2; Young, 609 F.3d at 357-58.

---

the Presentence Investigation Report.  Such successful challenge resulted in a reduction in Petitioner's Guideline Range and likely resulted in a lessor overall term of imprisonment.

To the extent that Petitioner contends that his lawyer should have argued that the drug weights attributed to Petitioner at sentencing were not "reasonably foreseeable," such claim fails because a review of Petitioner's Presentence Investigation Report reveals that Petitioner was only attributed with drugs based on transactions in which Petitioner was personally involved.[6]  Accordingly, Petitioner fails to demonstrate that his counsel provided deficient performance by failing to challenge the "foreseeability" of the drug weights attributed to Petitioner.  He likewise fails to demonstrate resulting prejudice.  Petitioner's third claim therefore fails.

## IV. CONCLUSION

As discussed above, Petitioner's § 2255 motion is **DENIED** as Petitioner plainly fails to demonstrate that defense counsel provided constitutionally deficient performance by not challenging the authority of the grand jury or the lawfulness of the sentence imposed by the Court on Count Two.  Petitioner likewise fails to demonstrate that he was prejudiced by counsel's performance.

Finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of

---

[6] Even if Petitioner was attributed with some drugs based on the conduct of his co-conspirators, Petitioner has not demonstrated in his § 2255 filings which drug weights were improperly attributed, a showing that would be necessary in order for him to demonstrate that counsel provided constitutionally deficient performance.

appealability as to Petitioner's § 2255 motion also is **DENIED**. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 30, 2012